# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2015

Lyle W. Cayce
Clerk

15-20286
Summary Calendar

JERRY L. FRANKS, SR.,

                                        Plaintiff-Appellant,

v.

HILCORP ALASKA, LLC,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2975

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Hilcorp Alaska, LLC conducted oil exploration and drilling operations from its platform in the territorial waters of Alaska. Hilcorp as principal contracted with Williams-Southern to perform specialized services on the platform. In early July 2012, Hilcorp observed Williams-Southern employees lean a ladder against a shipment container. Hilcorp informed Williams-Southern this practice was unacceptable, and Williams-Southern removed the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20286

ladder. Then in late July 2012, plaintiff Jerry Franks Sr. an employee of Williams-Southern leaned a ladder against the container, fell, and injured himself. Franks brought suit against Hilcorp alleging both negligence and premises liability.

The district court's opinion is well-reasoned and has ample support. As principal, Hilcorp was not responsible for supervising the details of the independent contractor's work.[1] By instructing a Williams-Southern employee on a previous occasion about a ladder, Hilcorp did not retain control over the work.[2] Moreover the facts of the accident belie any premises liability claim— the transitory fault of the sub-contractor and its employees do not give rise to a premises suit.[3] Accordingly, we AFFIRM essentially for the reasons given by the district court.

---

[1] *See Petranovich v. Matanuska Elec. Ass'n*, 22 P.3d 451, 454 (Alaska 2001).

[2] *Id.*

[3] *See Moloso v. State*, 644 P.2d 205, 219 (Alaska 1982) (explaining any premises liability was extinguished by giving notice of danger to contractor).

2